[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 3, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-12365
Non-Argument Calendar
_____

BIA No. A77-002-150

SANDRA PATRICIA AGREDO-MUNOZ,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals

_____

**(May 3, 2005)**

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Sandra P. Agredo Munoz, a native and citizen of Colombia, petitions for review of the April 13, 2004 final order of the Board of Immigration Appeal

("BIA") denying her motion for reconsideration of her asylum appeal. First, Munoz argues that the BIA erred in its August 26, 2003 final order of removal, in which it vacated the decision of the immigration judge ("IJ") granting her asylum. We note at the outset that Munoz never sought review of the August 26, 2003 Order in this Court. Second, Munoz urges us to order the BIA to remand her case back to the IJ in order to allow her to establish eligibility for withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). She raises her eligibility for withholding for the first time in this appeal. Finally, Munoz argues the BIA erred by denying her motion for reconsideration.[1]

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." This Court has jurisdiction to review "final order[s] of removal." INA § 242(a)(1), 8 U.S.C. § 1252(a)(1). We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as a matter of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1).

---

[1] Because Munoz's removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), this case is governed by the permanent provisions of the INA, as amended by IIRIRA. Dakane v. U.S. Attorney Gen., No. 03-13870, manuscript op. at 5 (11th Cir. Feb. 8, 2005).

The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. Najjar v. Ashcroft, 257 F.3d 1262, 1285 n.14 (11th Cir. 2001); Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). "A petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the [BIA] merely by alleging that every such error violates due process." Sundar v. INS, 328 F.3d 1320, 1325-26 (11th Cir.) (quotation omitted), cert. denied, 540 U.S. 1006 (2003).

While we generally have jurisdiction to review exhausted claims arising from a final order of removal, the petition for review of that final order must be filed within 30 days of the date of the final order of removal. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). The statutory time limit for filing a direct petition for review in an immigration case is "'mandatory and jurisdictional,' and [is] not subject to equitable tolling." Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549, 131 L. Ed. 2d 465 (1995) (citation omitted) (construing the former 90-day period for filing a petition for review under INA § 106(a)(1), 8 U.S.C. § 1105a(a)). Moreover, a motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. Stone, 514 U.S. at 405-06, 115 S. Ct. at 1549.

In this petition to review the denial of Munoz's motion to reconsider, we

have no jurisdiction to consider the underlying asylum or withholding-of-removal claims because Munoz did not timely seek review of the August 26, 2003 order. We also lack jurisdiction to order the BIA to remand Munoz's case for consideration of withholding under wither the INA or CAT because Munoz never presented this argument to the BIA.[2]  Accordingly, we must dismiss Munoz's petition to the extent it challenges the BIA's denial of her underlying asylum claim and requests this Court to order a remand for the IJ to determine her eligibility for withholding of removal.

As for the BIA's denial of her motion for reconsideration, we review that decision for an abuse of discretion.  See Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003), cert. denied, 125 S.Ct. 38 (2004).  Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (addressing a motion to reopen) (quotation omitted).  "The application of an abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach."  See

---

[2] Although "[m]otions to remand are not expressly addressed by the [INA] or the regulations . . . ., such motions are commonly addressed to the Board." Matter of Coelho, 20 I & N Dec. 464, 471 (BIA 1992).  It is undisputed that Munoz presents her remand argument for the first time in this appeal.

United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc), petition for cert. filed, No. 04-8324 (Jan. 13, 2005). Thus, we will affirm the district court even on "'occasions in which . . . we would have gone the other way had it been our call.'" Id. (quoting Rasbury v. I.R.S. (In re Rasbury, 24 F.2d 159, 168 (11th Cir. 1994)). When employing this standard, "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." Id. (citation omitted).

Under the regulations, a motion for reconsideration must specify "the errors of fact or law in the prior [BIA] decision." 8 C.F.R. § 1003.2(b)(1). "A motion to reconsider asserts that at the time of the Boards' previous decision an error was made." Matter of Cerna, 20 I & N Dec. 399, 402 (BIA 1991). When the BIA reconsiders one of its prior decisions, it takes itself "back in time and consider[s] the case as though a decision in the case on the record . . . had never been entered." Id. Motions to reconsider are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992) (addressing a motion to reopen).

In her motion to reconsider, Munoz primarily argued that the BIA failed to

consider her reasons for fleeing Colombia. In its final order, the BIA specifically addressed and rejected all of these arguments. We cannot find that the BIA abused its discretion in denying reconsideration of arguments that it previously had considered and rejected. Moreover, Munoz failed to specify errors of law or fact in her motion to reconsider, as required by 8 C.F.R. § 1003.2(b)(1). Accordingly, we deny her petition for review as to the denial of her motion for reconsideration.

In sum, we dismiss Munoz's petition for review to the extent it challenges the BIA's August 26, 2003 order and requests that we remand the case, and we deny the petition as it relates to the motion to reconsider.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

6