**In re Billie Vester RASBURY, Debtor.**

**Billie Vester RASBURY; Bill's Forestry Service, Inc., Plaintiffs–Appellants,**

v.

**INTERNAL REVENUE SERVICE, Defendant–Appellee.**

No. 93–6425.

United States Court of Appeals, Eleventh Circuit.

June 29, 1994.

Marvin E. Franklin, Birmingham, AL, Bruce P. Ely, Allyson L. Edwards, Tuscaloosa, AL, for appellant(s).

Jack W. Selden, U.S. Atty., Sharon D. Simmons, Richard E. O'Neal, Birmingham, AL, Scott J. Crosby, U.S. Dept. of Justice Tax Div., Washington, DC, John B. Harper, IRS, Birmingham, AL, Gary R. Allen, Tax Div., Dept. of Justice, William J. Patton, Stanley F. Krysa, Michael L. Paup, William S. Estabrook, Jonathan A. Wasserman, Washington, DC, for appellee.

Before KRAVITCH and CARNES, Circuit Judges, and HAND *, Senior District Judge.

CARNES, Circuit Judge:

Billie Vester Rasbury and Bill's Forestry Service, Inc. ("Bill's Forestry"), appeal from the district court's denial of their motion under 26 U.S.C.A. § 7430 (1989) for recovery of costs and attorneys' fees incurred in their successful defense of an Internal Revenue Service claim for federal withholding taxes, interest, and penalties in a bankruptcy proceeding. We hold that the applicable standard of review is abuse of discretion, and because the district court did not abuse its discretion by denying the section 7430 motion, we affirm.

## I. BACKGROUND

At all times relevant to this appeal, Bill's Forestry was a logging contractor in Fayette, Alabama. Rasbury and his wife were its sole shareholders, and Rasbury was its president. Bill's Forestry contracted with forest product companies to supply logs, remove timber, and pay crews who cut, skidded, bunched, and hauled the logs. From its incorporation in 1986 until October 1989, Bill's Forestry paid crew members as if they were independent contractors rather than employees. Accordingly, it did not withhold federal income taxes, Federal Insurance Contribution Act (FICA) taxes, or Federal

* Honorable W.B. Hand, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

Unemployment Tax Act (FUTA) taxes from the crew members' pay, which it would have been required to withhold and remit to the IRS had they been employees.

In January 1989, the IRS randomly selected Bill's Forestry to audit for the 1987 tax year. IRS Agent Connie Brown conducted the audit and concluded that the crew members hired by Bill's Forestry were actually its employees, not independent contractors. She reached that conclusion after applying a twenty-factor test for classifying workers as independent contractors or employees. These factors are a product of common law, beginning with *United States v. Silk*, 331 U.S. 704, 716, 67 S.Ct. 1463, 1469–70, 91 L.Ed. 1757 (1947), and are discussed in Rev. Rul. 87–41, 1987–1 C.B. 296. *See In re Rasbury*, 141 B.R. 752, 759 n. 14 (N.D.Ala.1992) (providing a brief list of the factors and stating that the IRS's list is not exhaustive). As a result of deciding that the crew members were employees, Agent Brown concluded that Bill's Forestry owed the United States $161,502.69 in income, FICA, and FUTA withholding taxes, interest, and penalties for the years 1986, 1987, and 1988. In response, Bill's Forestry entered into negotiations with the IRS, which told Bill's Forestry that it could abate its tax liability by obtaining crew members' signatures on IRS 4669 Forms, attesting that they had paid their own employment taxes.[1]

In April 1989, IRS Agent Brown prepared a report stating that Bill's Forestry owed the IRS $161,502.69. By May 1989, Bill's Forestry had collected approximately 94% of the crew members' signatures on 4669 Forms, and it filed those with the IRS. Thereafter, negotiations between Bill's Forestry and the IRS broke down. Relying on Agent Brown's report and before reviewing the 4669 Forms, the IRS issued a letter to Bill's Forestry "proposing adjustments" (an increase) in the amount of $161,502.69 to Bill's Forestry's taxes. Bill's Forestry appealed.

Bill's Forestry, through counsel, notified IRS Appeals Officer Steve Cantrell that it considered the IRS's position to be contrary to *Grady Felder Trucking Co. v. United States*, 218 Ct.Cl. 645 (1978), and *Jones v. United States*, 79–1 U.S. Tax Cases (CCH) ¶ 9,120, 1978 WL 1245 (E.D.Tex.1978) (holding that a tree cutter was an independent contractor, not an employee, for purposes of the taxpayer's withholding of income, FICA, and FUTA taxes, but denying the taxpayer attorney's fees incurred in litigating the action), *rev'd in part*, 613 F.2d 1311 (5th Cir. 1980) (reversing only the district court's ruling that the taxpayer could not recover attorney's fees), *on remand*, 505 F.Supp. 781 (E.D.Tex.1980) (awarding the taxpayer attorney's fees). Later, Bill's Forestry again notified the IRS, by letter, that its position was contrary to the *Grady Felder* and *Jones* decisions and it attached a letter from the attorney who had litigated the independent-contractor-or-employee issue in *Jones*, stating that any differences between the facts of *Jones* and of this case were negligible. Bill's Forestry also informed the IRS of its belief that it would be entitled to an award under 26 U.S.C.A. § 7430 (1989) if the IRS pursued the claim. During the IRS appeal process, Bill's Forestry offered the IRS $7500 to settle the case, and the IRS rejected the offer.

Thereafter, while the IRS appeal was still pending, Rasbury and Bill's Forestry both filed Chapter 11 bankruptcy petitions. The IRS had not yet "assessed the taxes allegedly owed by the debtors or perfected a tax lien on the debtors' property." *In re Rasbury*, 141 B.R. 752, 756 (N.D.Ala.1992). On July 20 and August 31, 1990, the IRS filed proofs of claim against Rasbury (as a responsible officer of Bill's Forestry) and Bill's Forestry, respectively, alleging that both were liable for Bill's Forestry's tax debt of $161,502.69. Thereafter, the IRS amended its claim to allege that $211,776.02 in withholding taxes, interest, and penalties was owed. Rasbury and Bill's Forestry objected to the proofs of claim, and in April 1991, they again offered

---

1. "Form 4669 is completed by an employee certifying that he/she has reported certain wages received from an employer. This form is sent by the employer to the IRS in order to abate any income tax withholding assessed against the employer. The data is used to verify that the income tax on the wages was paid in full." Agency Forms Under Review, 46 Fed.Reg. 43,773, 43,-782 (1981).

to settle the case, this time for $12,000. Pursuant to this offer, the IRS, for the first time, reviewed the 4669 Forms filed by Bill's Forestry.

To determine whether the 4669 Forms were truthful, IRS Agent Brown compared them to transcripts indicating whether the crew members had filed federal income tax returns in 1986, 1987, and 1988. The IRS admits that the fact that an individual has not filed a federal income return is not necessarily indicative of whether he has paid income, FICA, or FUTA taxes. Nonetheless, based on Agent Brown's review, the IRS concluded that several of the crew members' 4669 Forms were not truthful and rejected the settlement offer.

Following a two-day trial in May 1991 on the issue of Bill's Forestry's classification of crew members, the bankruptcy court issued an opinion disallowing the IRS's claim. *See In re Rasbury*, 130 B.R. 990 (Bankr.N.D.Ala. 1991). It held that in bankruptcy proceedings, unlike other proceedings, the IRS "has the ultimate burden of proving both the debtors' liability to [the] IRS and the specific amount due." *Id.* at 1001; *compare Helvering v. Taylor*, 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623 (1935) (holding that, in a proceeding to recover taxes from a non-bankrupt taxpayer, the taxpayer has the burden of proving that his taxes complied with the Internal Revenue Code). The court found that the IRS had not proven that the crew members hired by Bill's Forestry were employees rather than independent contractors. *Rasbury*, 130 B.R. at 1007. The court also

held that, even if the IRS had proven that the crew members were employees, it could not have recovered, because it had not proven that the crew members had failed to pay their own income, FICA, and FUTA taxes. *Id.* at 1008. Finally, the court concluded that, even if the IRS had successfully proven liability and amount owed, it still could not have recovered because Rasbury and Bill's Forestry had established that they were protected by the safe harbor of section 530 of the Revenue Act of 1978. *Id.* at 1013. In short, the IRS lost about every way it could lose.

The IRS appealed the bankruptcy court's judgment to the federal district court for the Northern District of Alabama. Shortly thereafter, Rasbury and Bill's Forestry filed a motion in the bankruptcy court seeking a recommendation for the award of administrative and litigation costs, including reasonable attorneys' fees, under 26 U.S.C.A. § 7430 (1989).[2] The IRS filed a motion to stay consideration of the section 7430 motion until the outcome of the appeal, and the bankruptcy court granted the stay. On March 3, 1992, the district court affirmed the bankruptcy court's judgment for Rasbury and Bill's Forestry. *See In re Rasbury*, 141 B.R. 752, 757 (N.D.Ala.1992). The IRS appealed, but later voluntarily dismissed its appeal.

 The bankruptcy court then scheduled an evidentiary hearing on the section 7430 motion. Because bankruptcy courts are not Article III courts, they generally do not have jurisdiction to award costs under section 7430. *See, e.g., In re Brickell Inv. Corp.*,

2. 26 U.S.C.A. § 7430 (1989) provides in pertinent part:

(a) **In general.**—In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for—
(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and
(2) reasonable litigation costs incurred in connection with such court proceeding.
. . . .
(c) **Definitions.**—For purposes of this section—
. . . .

(4) **Prevailing party.**—
(A) **In general.**—The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)—
(i) which establishes that the position of the United States in the proceeding was not substantially justified,
(ii) which—
(I) has substantially prevailed with respect to the amount in controversy, or
(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and
(iii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code. . . .

922 F.2d 696, 701 (11th Cir.1991). If, however, all of the parties to the proceeding give their express consent, the bankruptcy court can award costs under section 7430. *Id.* No such consent was given in this case. Absent express consent, the bankruptcy court's jurisdiction over a section 7430 motion is limited to:

> hear[ing] the proceeding and submit[ting] proposed findings of fact and conclusions of law to the district court, with the final judgment to be rendered by the district court after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected.

*Id.* That is what the bankruptcy court did in this case. Before the hearing, the parties stipulated that Rasbury and Bill's Forestry would be entitled to an award of costs and fees if they could "establish[ ] that the position of the United States in the proceeding was not substantially justified." *See* 26 U.S.C.A. § 7430(c)(4)(A)(i) (1989).

After conducting an evidentiary hearing, the bankruptcy court recommended awarding costs and fees to Rasbury and Bill's Forestry. The bankruptcy court concluded that this Court's holding in *In re Brickell Investment Corp.,* 922 F.2d 696, 704 (11th Cir.1991) "fixed the point at which the debtor must prove that the government acted in a substantially unjustified manner" at the date that the IRS files "its proof of claim." It then determined that, when the IRS filed the proofs of claim, it lacked a preponderance of factual evidence of Rasbury's and Bill's Forestry's liability. It stated:

> If the facts available to the parties at the time [of filing] are analyzed they comprise the following: a CPA working for the government analyzed documents and applied the twenty (20) factors retroactively to determine that Rasbury's men were employees .... A CPA working for Rasbury applied the same twenty (20) factors and said they meant Rasbury's men were independent contractors ....
>
> The government, meanwhile, had no idea whether all or none of the income taxes had actually been paid.

The bankruptcy court further determined that "adequate research prior to filing ... would have" revealed to the IRS that it might have the burden of proof in a bankruptcy proceeding and, thus, that it would "need[ ] a preponderance of factual evidence of liability and amount to justify filing the proofs of claim." Relying on its conclusions that the IRS lacked sufficient evidence to satisfy its burden of proof when it filed the proofs of claim and that it should have known that it might have the burden of proof, the bankruptcy court concluded that the IRS's litigation position was not substantially justified.

The bankruptcy court also noted that "[t]he sparse existing case law" relating to classification of logging crew members was against the IRS's position. It cited *Jones v. United States,* 79–1 U.S. Tax Cases (CCH) ¶ 9,120, 1978 WL 1245 (E.D.Tex.1978), *rev'd in part,* 613 F.2d 1311 (5th Cir.1980), *on remand,* 505 F.Supp. 781 (E.D.Tex.1980), as a case that was "factually indistinguishable" from this one and that classified cutters on logging crews as independent contractors. The bankruptcy court also cited *Grady Felder Trucking Co. v. United States,* 218 Ct.Cl. 645 (1978), as a case similar to this one where it had been held that the "IRS had improperly classified tree cutters as employees."

Despite the bankruptcy court's recommendation, the district court denied the section 7430 motion. The district court held that, although Rasbury and Bill's Forestry sought administrative costs, no such costs were incurred, because the "IRS had not formalized any claim with an official assessment" before the Chapter 11 petitions were filed. To decide whether Rasbury and Bill's Forestry were entitled to an award of litigation costs, the district court proceeded to determine whether the IRS's litigation position was substantially unjustified.

The district court first reasoned that:

> The bankruptcy court incorrectly limited its determination of the position of [the] IRS to its position only at the time of the filing of the proofs of claim. A determination [of whether the IRS's position is substantially justified] ... is much broader in

time than a single moment in time. This Court does not view *In re Brickell, supra,* as holding otherwise. While a determination of [the] IRS's position should take into consideration events occurring prior to the time of filing of the proofs of claim, it also must take into account events occurring during the progress of the court proceeding.

The district court then stated that the issue of "who bears the burden of proof with regard to tax liability in connection with a bankruptcy" claim by the IRS was a substantial issue that was difficult for both it and the bankruptcy court to decide. With regard to the IRS's pre-filing investigation of the facts, the district court stated:

> The bankruptcy court was quite concerned with the lack of a full investigation by [the] IRS prior to filing its proofs of claim. That was in large measure dictated by *the conduct of the debtors,* not [the] IRS. As noted earlier, debtors and [the] IRS were ·negotiating over the issue of taxes, no formal claim for taxes had been made, no lien filed and no official assessment made. Debtors interrupted the negotiations and any accompanying investigation by the filing of the Chapter 11 petitions. [The] IRS, as a listed creditor, was thereby obligated to file its proofs of claim or forever be barred from pursuing the disputed federal tax liability of debtors. Even though [the] IRS subsequently had its claims disallowed, it was certainly justified in filing the proofs of claim when, and under the circumstances it did.

The district court concluded that it would not award litigation costs, because the IRS's litigation position had been substantially justified.

Rasbury and Bill's Forestry appeal from the district court's order denying costs and fees. They do not challenge the district court's determination that they incurred no administrative costs, only its holding that they were not due an award for their litigation costs, including attorney fees. Their appeal presents two questions. First, what standard of review should this Court apply to a district court's denial of a section 7430 motion to recover litigation costs incurred in a bankruptcy court proceeding? Second, applying the proper standard of review, is the district court's decision that the IRS's litigation position was substantially justified due to be reversed?

## II. STANDARD OF REVIEW

◼ This Court has not previously addressed the question of what standard of review to apply to a district court's ruling on a section 7430 motion. The six circuits that have faced the question have applied an abuse of discretion standard when reviewing a district court's determination of the key section 7430 issue: whether the government's litigation position was substantially justified. *See TKB Int'l, Inc. v. United States,* 995 F.2d 1460, 1468 (9th Cir.1993); *Wilfong v. United States,* 991 F.2d 359, 364 (7th Cir.1993); *Pate v. United States,* 982 F.2d 457, 459 (10th Cir.1993); *Cassuto v. Commissioner,* 936 F.2d 736, 740 (2d Cir. 1991); *In re Arthur Andersen & Co.,* 832 F.2d 1057, 1059 (8th Cir.1987); *see also Bowles v. United States,* 947 F.2d 91, 94 (4th Cir.1991) (reviewing for abuse of discretion a district court's determination that the government had a reasonable litigation position that precluded an award of costs under the 1982 version of section 7430). Of the circuits that have yet to review a district court's ruling on substantial justification for purposes of section 7430, three have applied the abuse of discretion standard to the tax court's determinations of substantial justification for purposes of section 7430. *See Heasley v. Commissioner,* 967 F.2d 116, 120 (5th Cir.1992); *William L. Comer Family Equity Pure Trust v. Commissioner,* 958 F.2d 136, 139 (6th Cir.1992); *Rickel v. Commissioner,* 900 F.2d 655, 666 (3d Cir.1990).[3] No decision of which we are aware has applied any standard of review other than abuse of discretion in section 7430 cases.

In light of the persuasive authority supporting abuse of discretion review of section

---

**3.** Section 7430(c)(6) expressly authorizes the tax court to award costs under section 7430. 26 U.S.C.A. § 7430(c)(6) (1989); *see also In re Bric-* *kell Inv. Corp.,* 922 F.2d 696, 701 (11th Cir. 1991).

7430 rulings, Rasbury and Bill's Forestry wisely concede that, generally, abuse of discretion is the proper standard. We agree, and we join the circuits that have held that a district court's denial of a section 7430 motion is reviewed for abuse of discretion.

■ However, Rasbury and Bill's Forestry contend that this case presents an exception to the general rule, and that we should review this district court's decision on the section 7430 issue *de novo*. They argue that this case is different from most, because "[t]he district court here reviewed the bankruptcy court's proposed findings of fact and conclusions of law under a *de novo* standard of review," and this Court "is in as good a position to review the bankruptcy court's decision as was the district court." It follows, they contend, that this Court's review should be *de novo*. The obvious problem with this syllogism is its second premise. The district court did not "review the bankruptcy court's decision"; instead, it decided the section 7430 motion in the first instance. The bankruptcy court made only a recommendation, not a decision. The district court made the only decision there is for us to review. In deciding whether that decision should be reviewed *de novo* or only for abuse of discretion, we find our path guided by *Pierce v. Underwood*, 487 U.S. 552, 557–63, 108 S.Ct. 2541, 2546–49, 101 L.Ed.2d 490 (1988).

■ *Pierce* involved a prevailing party's right to recover attorney's fees from the government under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412 (1980), which authorized fee awards in tax proceedings before the enactment of section 7430.[4] The *Pierce* Court held that a district court's determination of whether the government's position was substantially justified, for purposes of awarding attorney's fees under section 2412(d)(1)(A), should be reviewed for abuse of discretion. 487 U.S. at 559, 108 S.Ct. at 2547. The Court cited several "significant relevant factors [that] call[ed] for an

'abuse of discretion' standard." *Id.* at 559, 108 S.Ct. at 2547. First, the language and structure of the statute in *Pierce* favored an abuse of discretion review. *Id.* The Court reasoned that, by providing that "attorney's fees shall be awarded 'unless *the court finds* that the position of the United States was substantially justified,'" the statute "emphasiz[ed] the fact that the determination is for the district court to make, and thus suggest[ed] some deference to the district court upon appeal." *Id.* (quoting 28 U.S.C. § 2412(d)(1)(A) (emphasis added)). The same is true of section 7430, the statute involved in this case. Although its language is not identical to that in *Pierce*'s section 2412(d)(1)(A), our section 7430(a) provides: "[T]he prevailing party *may* be awarded a judgment or settlement for—(1) reasonable administrative costs ..., and (2) reasonable litigation costs ...." 26 U.S.C.A. § 7430(a) (1989) (emphasis added). The word "may" indicates that the awarding court has a degree of discretion, and in this case, the awarding court was the district court. Moreover, when compared to the language "a court *shall* award" in section 2412(d)(1)(A), the word "may" in section 7430 even more clearly indicates the need for deference to the district court.

■ Second, the *Pierce* Court held that concerns over "the sound administration of justice" favored an abuse of discretion review. 487 U.S. at 559–60, 108 S.Ct. at 2547. The Court explained that "some of the elements that bear upon whether the Government's position '*was* substantially justified,'" such as settlement conferences and other pretrial activities, "may be known only to the district court." *Id.* Because substantial justification may turn on these elements, a district court is in a better position than an appellate court to determine the question. *Id.* But, even when the determination of substantial justification turns purely on a legal question, the Court stated that *de novo*

4. 28 U.S.C.A. § 2412(d)(1)(A) (1978 & Supp. 1994) provides:

Except *as otherwise specifically provided by statute,* a court shall award to a prevailing party other than the United States fees and other expenses ..., incurred by that party in

any civil action ... brought by or against the United States ..., unless the court finds that *the position of the United States was substantially justified or that special circumstances make an award unjust.*

review is still unwarranted. *See id.* It is unwarranted because:

> [t]he investment of appellate energy will either fail to produce the normal law-clarifying benefits that come from an appellate decision on a question of law, or else will strangely distort the appellate process. The former result will obtain when (because of intervening legal decisions by this Court or by the relevant circuit itself) the law of the circuit is, at the time of the EAJA appeal, quite clear, so that the question of what the Government was substantially justified in believing it to have been is of entirely historical interest. Where, on the other hand, the law of the circuit remains unsettled at the time of the EAJA appeal, a ruling that the Government was not substantially justified in believing it to be thus-and-so would (unless there is some reason to think it has changed since) effectively establish the circuit law in a most peculiar, secondhanded fashion.

*Id.* at 561, 108 S.Ct. at 2548. The same is true with section 7430 motions, such as the one involved in this case.

■ Third, the Supreme Court said in *Pierce* that the nature of a determination of substantial justification favored an abuse of discretion review. *Id.* at 562, 108 S.Ct. at 2548–49. The Court characterized the substantial justification question as one of those "'questions that arise in litigation [that] are not amenable to regulation by rule because they involve multifarious, fleeting, special, narrow facts that utterly resist generalization.'" *Id.* at 561–62, 108 S.Ct. at 2548 (quoting Rosenberg, *Judicial Discretion of the Trial Court, Viewed from Above*, 22 Syracuse L.Rev. 635, 662–63 (1971)). Such questions are best left to the discretion of a trial judge. *See id.*, 487 U.S. at 560–62, 108 S.Ct. at 2548–49. The same is no less true when the substantial justification question arises in a section 7430 case like this one.

Fourth, the *Pierce* Court reasoned that the fact that cost and fee awards do not ordinarily produce a substantial amount of liability favored an abuse of discretion review. *Id.* at 563, 108 S.Ct. at 2549. The Court noted that the approximately $300,000 fee award in *Pierce* presented an exception to this general rule but concluded that the ordinary case (where fees averaged $3000), rather than the exceptional one, should serve as the basis for the rule. *Id.* The same is true of section 7430 cases.

Finally, the *Pierce* Court stated that the abuse of discretion standard implemented the Court's "view that a 'request for attorney's fees should not result in a second major litigation.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). Again, the same is true in section 7430 cases. Thus, the five *Pierce* "significant relevant factors" favor an abuse of discretion standard for reviewing the section 7430 ruling in this case.

■ Rasbury and Bill's Forestry attempt to distinguish *Pierce* because, in the present case, the district court was in no better position than this Court to rule on the section 7430 motion. They maintain that, here, the bankruptcy court sat in the seat occupied by the district court in *Pierce*, while the district court, here, sat as a reviewing court, basing its decision on a written record created in the bankruptcy court. Thus, the bankruptcy court, not the district court, was privy to information about settlement offers and other pretrial activity relevant to a determination of substantial justification. They argue that the bankruptcy court's recommendation on the section 7430 motion is no different from other bankruptcy court rulings, which this Court generally examines independently of the district court, reviewing the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *See, e.g., In re Club Assoc.*, 951 F.2d 1223, 1228 (11th Cir.1992). By analogy, Rasbury and Bill's Forestry contend that logic favors a *de novo* review of the district court's finding of substantial justification for the IRS's position in this case.

■ Because under *Brickell* the bankruptcy court cannot award section 7430 costs absent express consent of the parties, the general way in which we review bankruptcy court rulings is not relevant to our analysis in this case. Here, there is no bankruptcy court decision on the section 7430 issue, only a recommendation. Further, although we

agree with Rasbury and Bill's Forestry that the bankruptcy court was in a better position than the district court to evaluate facts relevant to the IRS's litigation position, that alone does not persuade us to employ a *de novo* review. As was true in *Pierce,* even when the reviewing court can glean from the record all of the facts relevant to a section 7430 ruling, or when the ruling turns solely on a question of law, "the sound administration of justice" still favors an abuse of discretion standard rather than *de novo* review, because the investment of appellate energy in reviewing denials of motions for costs and fees is likely to produce little law of value and may even lead to distortion in the law. *Pierce,* 487 U.S. at 559–61, 108 S.Ct. at 2547–48. That consideration and the other *Pierce* factors persuade us to hold that a district court's decision on a section 7430 motion should be reviewed only for an abuse of discretion, and that is true even when the district court's decision is contrary to the bankruptcy court's recommendation.

### III. WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION

█ Rasbury and Bill's Forestry contend that the IRS's position throughout the bankruptcy court proceeding, and on appeal to the district court, was not substantially justified. They argue primarily that the IRS should have known when it filed its proofs of claim that it would have the burden of proving an issue of tax liability in bankruptcy, but that, when it filed, it did not have a preponderance of evidence supporting its claim. They also argue that the existing case law on the independent-contractor-or-employee issue was against the IRS's position.

█ A position that is "substantially justified" is one that is "justified to a degree that could satisfy a reasonable person" or that has a "reasonable basis both in law and fact." *Pierce,* 487 U.S. at 565, 108 S.Ct. at 2550 (internal quote marks omitted) (defining "substantially justified" in the context of the EAJA). The district court denied Rasbury and Bill's Forestry's section 7430 motion because they had failed to establish that the IRS's litigation position was not substantially

justified. The district court gave the following reasons for its ruling:

> A number of issues resolved in [the bankruptcy] court proceedings, most notably who bears the burden of proof with regard to tax liability in connection with a bankruptcy proof of claim by [the] IRS, were substantial issues that were difficult for at least [the district] court to determine. The pursuit of those issues and the numerous factual matters embraced therein by [the] IRS [were] certainly "justified in substance or in the main."

> (Footnote omitted) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). The district court also found that any deficiency in the IRS's pre-filing investigation "was in large measure dictated by the conduct of the debtors," because by filing for Chapter 11, they forced the IRS's hand.

█ This is a close case. We are disturbed by the shortcomings of the IRS's pre-litigation investigation, a prime example of which is its delay in reviewing the 4669 Forms signed by virtually all of the crew members attesting to the fact that they had paid their own income, FICA, and FUTA taxes. Quite frankly, we would have affirmed the district court had it reached a different result, and if we were reviewing this matter *de novo,* we may well have decided it differently. By definition, however, under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. That is how an abuse of discretion standard differs from a *de novo* standard of review. As we have stated previously, the abuse of discretion standard allows "a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Kelly,* 888 F.2d 732, 745 (11th Cir.1989) (citing *Kern v. TXO Prod. Corp.,* 738 F.2d 968, 970–71 (8th Cir. 1984) ("The very concept of discretion presupposes a zone of choice within which trial courts may go either way.")). We believe the district court's decision was within its range of choice, although perhaps not by a wide margin, and that no clear error of judg-

ment has been demonstrated. Therefore, we AFFIRM.