[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15075

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-01696-CV-T-30-MSS

MATTHEW SCHWARZ,
GULF COAST RECOVERY, INC., a Florida Corporation,

Plaintiffs-Defendants-
Cross-Claimants-
Appellants,

JOHN DOE, I-IV, anonymous individuals,
JANE DOE, V-IX, anonymous individuals,

Plaintiffs-Appellants,

versus

CITY OF TREASURE ISLAND, a Florida Municipal Corporation,

Defendant-Plaintiff-
Cross-Defendant-Appellee,

CITY OF TREASURE ISLAND CODE
ENFORCEMENT BOARD,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Middle District of Florida

---

**(September 28, 2007)**

Before BIRCH, BARKETT and COX, Circuit Judges.

PER CURIAM:

Appellants argue, on this interlocutory appeal, that the district court abused its discretion in denying their request for a preliminary injunction. The abuse of discretion argument is based upon Appellants' contentions that 12305 3rd Street is a "dwelling" under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and that the Appellees denied their reasonable accommodation request.

A district court's denial of a request for a preliminary injunction "will not be reversed unless there is a clear abuse of discretion." *Revette v. Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers*, 740 F.2d 892, 893 (11th Cir. 1984) (citation omitted). "[A]n abuse of discretion standard recognizes there is a range of choice within which we will not reverse the district court even if we might have reached a different decision." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005) (citations omitted); *see also Revette*, 740 F.2d at 893; *Rasbury v. Internal Revenue Serv. (In re Rasbury)*, 24 F.3d 159, 168-69 (11th Cir. 1994);

*McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001). Appellants' contentions may be correct, but the question of whether 12305 3rd Street is a "dwelling" within the meaning of the Fair Housing Act is sufficiently close and complex to warrant affirming the district court's denial of a preliminary injunction.

We do not decide the ultimate issue of whether Appellants will prevail. We can conduct a more thorough review following the district court's final decision regarding injunctive relief. We decide only that the district court did not abuse its discretion in denying the request for a preliminary injunction.

**AFFIRMED.**

BARKETT, Circuit Judge, specially concurring:

I adhere to the view that this case is moot.  But, since the court has denied the City of Treasure Island's motion to dismiss the appeal, I join the court's opinion.