[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11545

_____

D.C. Docket No. 1:08-cv-00232-WS-N

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 17, 2012
JOHN LEY
CLERK

CHARLES L. DYAS, JR.,
ARTHUR C. DYAS,
PAMELA D. VAUTIER,
DREW C. DYAS,
ERIC J. DYAS,

Plaintiffs-Appellants,

versus

CITY OF FAIRHOPE,
TIMOTHY M. KANT,
DAVID YORK,

Defendants-Appellees.

_____

No. 11-11678

_____

D.C. Docket No. 1:08-cv-00232-WS-N

CHARLES L. DYAS, JR.,
ARTHUR C. DYAS,
PAMELA D. VAUTIER,

DREW C. DYAS,
ERIC J. DYAS,

                                            Plaintiffs-Appellees,

                        versus

CITY OF FAIRHOPE,
TIMOTHY M. KANT,

                                            Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(January 17, 2012)

Before CARNES and HULL, Circuit Judges, and ROTHSTEIN,[*] District Judge.

PER CURIAM:

After review and oral argument, we AFFIRM the district court's order,
dated December 14, 2010, granting the City of Fairhope and Timothy M. Kant's
motion for summary judgment on the plaintiffs' federal claims for equal protection
and due process violations and for conspiracy to violate those civil rights and on
the plaintiffs' state law claims for breach of contract and negligence. We also

---

[*]Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

affirm the district court's order, dated March 9, 2011, denying the City of Fairhope and Timothy M. Kant's motion for recovery of attorneys' fees and costs, for the reasons outlined in the district court's thorough and well-reasoned order.

As to the defendants' attorneys' fees claim, we note that the district court has broad discretion in ruling upon such a motion. Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005); Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1188 (11th Cir. 1985); see also In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994) ("[U]nder the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call."). Here, we cannot say the district court abused its discretion.

**AFFIRMED**