JORDAN, Circuit Judge,
concurring:
Given the “due deference” that the abuse of discretion standard embodies, see Gall v. United States, 552 U.S. 38, 59, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and the “range of choice” permitted by that standard, see In re Rasbury, 24 F.3d 159, 168 (11th Cir.1994), I agree that we should affirm the district court’s exclusion of the Chapmans’ general causation experts. I would, therefore, not address any of the other issues raised by the Chapmans.
Specifically, I would not suggest, as the court does in dictum, that the district court could have properly prevented the Chap-mans from relying on Procter & Gamble’s own experts. The district court addressed the Chapmans’ reliance on some of the defense experts on the merits and did not exclude those experts under Rule 26 of the Federal Rules of Civil Procedure. So there is no need to hypothesize about how we would rule if the district court had decreed that such reliance by the Chap-mans was procedurally improper. Moreover, P&G does not assert Rule 26 on appeal, and some cases hold that, because there is no surprise or prejudice, a party is permitted to use and rely on the expert testimony presented by the opposing party. See, e.g., Nat’l Railroad Passenger Corp. v. Certain Temporary Easements, 357 F.3d 36, 42 (1st Cir.2004) (no abuse of discretion in allowing plaintiff to call defense expert in its case-in-chief); Kerns v. Pro-Foam of South Alabama, 572 F.Supp.2d 1303, 1309-12 (S.D.Ala.2007) (failure of plaintiff to disclose defendant’s expert as its own expert did not prevent plaintiff from calling that expert during its ease-in-chief). If we are going to opine on this issue, we should wait for a case which directly presents it.
In closing, I recognize that the district court at times used language which might be seen as opining on the ultimate persuasiveness of the theories advanced by the Chapmans’ experts. But given its numerous accurate statements of the correct standard under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), I do not think the district court applied an incorrect (or improperly onerous) legal standard.