[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11452
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00038-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DURRELL LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 30, 2017)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Durrell Lee was charged with and convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He appeals that conviction.

I.

Lee, while driving Eric Goodson's car, was pulled over for committing a traffic violation.  Goodson and another passenger were also in the car.  The police officers conducting that traffic stop smelled marijuana and, after being questioned, Lee gave them a small bag of drugs that he was hiding in his pocket.  The officers detained all three men, and upon searching the car they found a Glock .40 caliber pistol under the driver's seat.  In the trunk they found two bags.  One bag, a Reebok bag, was holding a .25 caliber pistol, a .380 caliber pistol, a magazine that matched the .40 caliber Glock found under the driver's seat, and a bank application bearing Lee's name and social security number.  The other bag held, among other items, Lee's cell phone.

Lee, who had previously been convicted of a felony, was charged with possession of all three guns found in the car.  At trial, Goodson testified that he saw Lee place a gun under the driver's seat and that he had never seen the guns found in the Reebok bag.  The government, over Lee's objection, also entered into evidence pictures found on his cell phone, including a picture of two pistols, one of which resembled the .40 caliber found under the driver's seat, and four pictures of

2

long barrel guns, a revolver, and a knife.  Those photos appeared to have been taken between April and September 2014, after Lee had been convicted of a felony.

The jury returned a guilty verdict as to Lee's possession of the Glock .40 caliber pistol and its magazine of ammunition, and it returned a not guilty verdict as to Lee's possession of the .25 caliber and .380 caliber pistols.  This is Lee's appeal.

## II.

Lee first contends that, under Federal Rules of Evidence 403 and 404(b), the district court erred in allowing the government to introduce the five cell phone pictures of firearms.  We review the district court's evidentiary rulings for an abuse of discretion.  See United States v. Cunningham, 194 F.3d 1186, 1193 (11th Cir. 1999).  This abuse of discretion standard "allow[s] a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989).  "By definition . . . under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call."  In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994).

Under Rule 404(b), extrinsic evidence of a crime, wrong, or other act is not admissible to show that "on a particular occasion the person acted in accordance

3

with [his] character," though that evidence may be admissible for other purposes, such as to prove motive, intent, knowledge, or absence of mistake.  Fed. R. Evid. 404(b).  To be admissible under Rule 404(b), the evidence must be (1) "relevant to an issue other than the defendant's character"; (2) established by sufficient proof "to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s)"; and (3) of probative value that is not substantially outweighed by undue prejudice under Federal Rule of Evidence 403.  United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007).

"But evidence of criminal activity other than the charged offense is not 'extrinsic' under Rule 404(b), and thus falls outside the scope of the Rule, when it is . . . inextricably intertwined with the evidence regarding the charged offense." Id. (quotation marks omitted).  And "evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an 'integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.'"  Id. (quoting United States v. Foster, 889 F.2d 1049, 1053 (11th Cir. 1989)).  That evidence, however, must still meet Rule 403's requirements that "its probative value [not be] substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

4

The picture of the two pistols was not extrinsic evidence under Rule 404(b) because it was inextricably intertwined with evidence relating to the crime for which Lee was charged. One of those pistols was similar to the .40 caliber Glock found underneath the driver's seat. The jury could have reasonably concluded that the gun found under the driver's seat was the same pistol as the one pictured on Lee's cell phone, making it more likely that the gun was Lee's and that he knowingly possessed it. The district court also did not abuse its discretion in concluding that this picture's strong probative value was not substantially outweighed by undue prejudice under Rule 403. See United States v. Brown, 441 F.3d 1330, 1362 (11th Cir. 2006) ("In reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.").

As to the remaining four pictures, which showed long barrel guns, a revolver, and a knife, Lee contends that they were relevant only for the impermissible purpose of showing that he had a propensity to be around firearms. However, "[t]he caselaw in this and other circuits establishes clearly the logical connection between a convicted felon's knowing possession of a firearm at one time and his knowledge that a [different] firearm is present at a [later] time (or, put differently, that his possession at the [later] time is not mistaken or accidental)." United States v. Jernigan, 341 F.3d 1273, 1281 (11th Cir. 2003); see United States

5

v. Gomez, 927 F.2d 1530, 1534 (11th Cir. 1991).  The pictures were relevant to showing Lee's knowledge of the guns in the car, meeting the first prong of Rule 403(b)'s admissibility test.

As to the second prong — that there was sufficient evidence for the jury to conclude that Lee took those pictures and possessed those guns — Lee does not dispute that the cell phone on which the pictures were found was his, and he does not argue that he did not take those pictures.  And the evidence at trial, which showed that Lee had also taken multiple "selfies" with that phone, was sufficient for the jury to conclude that Lee had taken those pictures and had possessed the guns in them.

And as to the third prong — that the probative value not be substantially outweighed by the potential for undue prejudice — "this determination lies within the sound discretion of the district judge and calls for a common sense assessment of all of the circumstances surrounding the extrinsic [act], including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness."  United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997) (quotation marks omitted).  We have already determined that the pictures were probative of Lee's knowledge that the Glock was in the car.  The district court did not abuse its discretion in finding that any prejudicial impact from the pictures did not substantially outweigh their probative value.  The pictures were

taken only one year before Lee was arrested for possessing the guns in the car, see Jernigan, 341 F.3d at 1282 (noting that prior possession of firearm occurring two years before the charged offense was not too temporally remote), the similarity between the prior act and the charged crime was strong because both involved the possession of firearms, and the prosecution did not have overwhelming evidence of Lee's knowledge that the guns were in the car.  Further, the district court gave the jury a limiting instruction, and as a result, the risk of prejudice was minimized. See id.; see also United States v. Lopez, 649 F.3d 1222, 1237 (11th Cir. 2011) ("We presume that juries follow the instructions given to them.").  The district court did not abuse its discretion in permitting the government to introduce into evidence the photographs found on Lee's cell phone.

### III.

Lee also raises what we perceive to be an ineffective assistance of counsel claim in this appeal.  He contends that counsel improperly refused to call a witness and that, while the district court knew that Lee disagreed with his counsel's decision not to call that witness, the court "was completely unaware of the basis of trial counsel's decision."  To the extent that Lee contends that the district court erred in failing to further inquire about the disagreement, the district court neither knew nor should have known that their disagreement was based on what Lee considers to be a conflict of interest, and as a result, it did not err in failing to

7

further investigate. See Mickens v. Taylor, 535 U.S. 162, 168–69, 122 S. Ct. 1237, 1242 (2002) (noting that, in the context of a court's "duty to inquire into the propriety of a multiple representation," inquiry is required "only when the trial court knows or reasonably should know that a particular conflict exists — which is not to be confused with when the trial court is aware of a vague, unspecified possibility of conflict").

To the extent that Lee is raising an ineffective assistance of trial counsel claim, "[w]e will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). While the district court knew that Lee and his attorney disagreed about calling a witness, the record is devoid of facts about that disagreement, such as why the attorney did not want to call the witness. As a result, we decline to consider Lee's ineffective assistance of counsel claim on direct appeal. The better vehicle for deciding Lee's claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion.

**AFFIRMED.**