[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16033
Non-Argument Calendar
_____

D.C. Docket Nos. 1:15-cv-04253-ELR; 1:09-bkc-82472-BEM

IN RE: CARMEN DENISE DIAMOND,

                                                    Debtor.
_____

CARMEN DENISE DIAMOND,

                                                    Plaintiff-Appellant,

versus

BANK OF AMERICA,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 26, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Carmen Denise Diamond, a Chapter 7 debtor proceeding *pro se*, appeals the

district court's order affirming the bankruptcy court's denial of her motion to

reopen her bankruptcy proceedings under 11 U.S.C. § 350(b).  Prior to filing

bankruptcy in 2009, Diamond purchased real property in Fulton County, Georgia

(the "property') and executed a promissory note and security deed in favor of Bank

of America, N.A.'s ("Bank of America") predecessor in interest.  The closing

attorney initially failed to record the security deed with Fulton County, however.

Diamond filed her Chapter 7 bankruptcy petition later in 2009, before the

security deed was recorded.  Ultimately, the Chapter 7 Trustee reported that

because there was "no property available for distribution from the estate over and

above that exempted by . . . law," no distribution would occur, and Diamond's

debts would be discharged without payment.  The Trustee never attempted to avoid

or challenge the validity of Bank of America's security deed on the property during

the pendency of Diamond's Chapter 7 case.

In 2010, the bankruptcy court entered an order granting Diamond a

discharge under 11 U.S.C. § 727, and in 2011, the bankruptcy court approved the

Trustee's report, discharged the Trustee, and closed the case.

Meanwhile, Diamond retained the property during and after the bankruptcy

proceedings, and in 2011, she defaulted on the underlying loan.  In August 2012,

the original closing attorney filed a Corrective Affidavit of Lost Deeds, along with

the security deed, in Fulton County.  Bank of America then filed a declaratory

judgment action in Georgia state court, seeking a determination of the validity of

2

the security deed.  The state courts ultimately determined that the deed was valid and enforceable, and that it survived Diamond's bankruptcy discharge.

In October 2015, Diamond, proceeding *pro se,* moved the bankruptcy court to reopen her case for the purpose of "avoiding an unperfected and subsequently a judicial lien."  The court denied the motion, concluding that (1) in order to grant the requested relief, it would need to revoke the Trustee's technical abandonment of the property, which occurred by operation of law when the case was closed without the Trustee distributing or otherwise administering the property, and (2) the time period for revoking abandonment had expired.  Diamond appealed the denial to the district court, which affirmed.

Diamond appeals, arguing that the lower courts improperly construed her motion and have therefore failed to address the central issue in this case.  She contends that because Bank of America's mortgage lien was unperfected at the time of the bankruptcy filing, it should have been avoided during the bankruptcy proceedings.  She also argues that because the underlying debt was discharged in the bankruptcy, Bank of America cannot now take steps to collect on the debt. Diamond does not argue that the underlying security agreement between her and the bank was invalid; her argument depends solely on the failure to perfect the security deed prior to the bankruptcy filing.

3

"As the second court of review of a bankruptcy court's judgment, we independently examine the factual and legal determinations of the bankruptcy court and employ the same standards of review as the district court." *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005) (quotation omitted). We therefore review a bankruptcy court's denial of a motion to reopen for abuse of discretion. *Langham, Langston & Burnett v. Blanchard*, 246 F.2d 529, 535 (5th Cir. 1957). The abuse of discretion standard allows for a "range of choice" by the lower court, so long as that choice does not constitute a clear error of judgment. *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994). We will affirm for any reason supported by the record, regardless of whether it was relied upon by the district court. *Wright v. City of St. Petersburg, Fla.*, 833 F.3d 1291, 1294 (11th Cir. 2016).

A bankruptcy case may be reopened to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). Federal Rule of Bankruptcy Procedure 9024 provides that Federal Rule of Civil Procedure 60 applies in cases under the bankruptcy code, except that a motion to reopen a case is not subject to the one-year limitation contained in Rule 60(c). Fed. R. Bankr. P. 9024. Rule 60(b) provides that a party may be relieved from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(c)(1), in turn, provides that Rule 60(b) motions must be made within a reasonable time, except for reasons (1), (2), and (3), which must be brought no more than one year after entry of the judgment.  Fed. R. Civ. P. 60(c)(1).

In a bankruptcy case, the Trustee has rights and powers of a *bona fide* purchaser as to any interests in real property of the debtor—including mortgages— that are not perfected at the time of the bankruptcy filing.  11 U.S.C. § 544(a)(3); *In re Codrington*, 691 F.3d 1336, 1339 (11th Cir. 2012).  This provision, referred to as the "strong-arm" power, allows the Trustee to avoid any unperfected interests in property of the estate, for the benefit of creditors.  *Codrington*, 691 F.3d at 1339.

The bankruptcy code also allows the Trustee to abandon any property of the estate that is burdensome, or of inconsequential value and benefit, to the estate.  11 U.S.C. § 554.  Unless the court orders otherwise, any property scheduled and not otherwise administered at the time of the closing of a case is abandoned to the debtor.  11 U.S.C. § 554(c).  When a bankruptcy Trustee abandons estate property, the estate is completely divested of any interest in the abandoned property.  *Old W. Annuity & Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 863 (11th Cir. 2010).  In

5

bankruptcy, property interests are determined by looking to state law. *Codrington*, 691 F.3d at 1339.

Under Georgia law, a mortgage is created when a property owner uses that property as security for a debt to another. *Baxter v. Bayview Loan Servicing, LLC*, 688 S.E.2d 363, 386 (Ga. Ct. App. 2009). A mortgage is valid between the parties thereto, even if it is never recorded. *Id.*

Further, while a bankruptcy discharge extinguishes the personal liability of the debtor, it does not extinguish a creditor's right to foreclose on a valid mortgage on the debtor's property. 11 U.S.C. § 524(a)(1); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991). A creditor's right to foreclose on a mortgage therefore survives and passes through a bankruptcy. *Johnson*, 501 U.S. at 83.

We have not addressed in a published opinion whether, and in what circumstances, a bankruptcy court may revoke a Trustee's technical abandonment after a bankruptcy case is closed. Nor have we addressed the time limits that apply to a request for such relief. However, even assuming that the lower courts erred in construing the motion as a request to revoke abandonment and concluding that the time limit for such a request had expired, an independent basis supports the lower courts' decisions.

Specifically, even if the bankruptcy case was reopened, the bankruptcy court could not afford the relief Diamond has requested. Diamond's argument is that the

security deed is invalid because it was not recorded at the time of the bankruptcy; she has never contended that a lien was not created in favor of Bank of America, and she indicated in her brief that she has acknowledged "the existence of the secured debt." Under Georgia law, however, a security deed is valid and enforceable as between the lender and debtor regardless of whether the security deed is properly recorded. *Baxter*, 688 S.E.2d at 386. Bankruptcy law provides that such a valid security deed survives a bankruptcy discharge and that a discharge only affects the debtor's *personal* liability to the holder. 11 U.S.C. § 524(a)(1); *Johnson*, 501 U.S. at 83. Bank of America has simply attempted to foreclose on its valid security deed; there is no indication that it has taken any steps to collect from Diamond personally on the discharged debt.[1]

Further, although the bankruptcy code provides the Trustee with the "strong-arm" power to avoid an unrecorded security deed, the express language of the statute shows that the power lies in the Trustee, and Diamond has provided no authority suggesting that she, as the debtor, has standing to seek such an action, or

---

[1] Although Diamond asserts that certain actions that occurred during the bankruptcy proceedings violated the bankruptcy stay, *see* 11 U.S.C. § 362(a)(4), she did not seek sanctions for any stay violation in her motion to reopen, and the thrust of her request in the bankruptcy court was the avoidance of Bank of America's security deed. As discussed above, however, that security deed is valid and enforceable between Diamond and the bank, both under Georgia and federal bankruptcy law. Moreover, Bank of America's initiation of foreclosure proceedings, its Georgia state action for declaratory judgment, and its August 2012 perfection of the mortgage deed all occurred after the bankruptcy case was closed, the property was abandoned by the Trustee back to Diamond, and the stay was no longer in effect. *See* 11 U.S.C. 362(c)(1), (2)(A).

the power to exercise it herself.  *See* 11 U.S.C. § 544.  Accordingly, in light of the preceding, although there may have been a "range of choices" for the bankruptcy court to consider in deciding whether to reopen her bankruptcy case, rescind the technical abandonment, and then challenge the validity of the security deed, nothing suggests that its denial of Diamond's motion was a clear error of judgment.  *See Rasbury*, 24 F.3d at 168.  We therefore affirm.

    **AFFIRMED.**