**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11160

Non-Argument Calendar

————————————

In re: JOSEPH SANCHEZ,

                                                                    *Debtor.*

————————————————————————————

RENASANT BANK,

                                                        *Plaintiff-Appellant,*

*versus*

JOSEPH SANCHEZ,

                                                        *Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:24-cv-01746-RDP

————————————

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

After Joseph Sanchez's bankruptcy proceedings were closed, Renasant Bank asked the bankruptcy court to reopen them. Renasant argued that Sanchez was taking actions in state court that shirked his obligations stemming from his bankruptcy petition. The bankruptcy court declined to reopen the proceedings, concluding that Renasant was free to pursue its claims in the pending state court ejectment case. Renasant appealed to the district court, but the district court affirmed because the bankruptcy court had not abused its discretion. After careful review, we also affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Sanchez failed to make payments on his mortgage held by Renasant, so Renasant sought to foreclose on the home secured by the mortgage. But the day before the foreclosure sale, Sanchez filed a chapter 13 bankruptcy petition. That first petition was dismissed on procedural grounds, which allowed Renasant to reschedule the foreclosure sale.

Yet, the day before the rescheduled sale, Sanchez filed a second chapter 13 bankruptcy petition. Renasant moved for relief from the bankruptcy court's automatic stay, which the bankruptcy court granted. With relief from the stay, Renasant, again, noticed Sanchez's home for a foreclosure sale. But on the day of the scheduled sale, Sanchez converted his chapter 13 bankruptcy into a chapter 7 bankruptcy, which, once again, caused a delay.

As part of the conversion, three things happened. First, Sanchez filed a statement declaring his intent to retain the home and enter into a reaffirmation agreement with Renasant. Second,

Renasant secured relief from the automatic stay to foreclose on Sanchez's home.  And third, the bankruptcy court discharged Sanchez's debts and closed the case.

After the foreclosure sale, Renasant sought to eject Sanchez from the home in state court.  In response, Sanchez filed counterclaims against the bank for breaching the loan agreement and wrongfully foreclosing on the home.

Renasant then went back to the bankruptcy court to reopen the chapter 7 case, arguing that Sanchez's positions in state court ran afoul of his obligations under the bankruptcy code.  The bankruptcy court denied Renasant's motion, concluding that Renasant chose to petition to lift the automatic stay to pursue its rights in state court and that forum was available to vindicate the bank's rights.

Renasant appealed the bankruptcy court's decision to the district court, arguing the bankruptcy court was required to reopen the proceedings.  The district court affirmed, explaining that the bankruptcy court had not abused its discretion in refusing to reopen because Renasant could pursue its claims in state court.  Renasant now appeals to us.

## STANDARD OF REVIEW

We sit as a "second court of review" in a bankruptcy appeal, applying the same standard of review the district court applied.  *In re Fundamental Long Term Care, Inc.*, 81 F.4th 1264, 1319 (11th Cir. 2023).  In considering a motion to reopen bankruptcy proceedings, "the bankruptcy court retains broad discretion to reopen." *Slater v.*

*United States Steel Corp.*, 871 F.3d 1174, 1186–87 (11th Cir. 2017) (en banc).  Thus, we review for abuse of discretion a decision to reopen bankruptcy proceedings.  *In re Haker*, 411 F.2d 568, 569 (5th Cir. 1969).

## DISCUSSION

Renasant argues that the bankruptcy court abused its discretion when it denied its motion to reopen the proceedings.  We disagree.

Section 350 of the bankruptcy code allows for "[a] case" to "be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350(b).  Section 350(b)'s use of the phrases "may be reopened" and "for other cause" confirms that the statute affords the bankruptcy court "broad discretion."  *See Slater*, 871 F.3d at 1186.  "[T]he abuse of discretion standard allows a range of choice," *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994) (citation modified), and "[a]n abuse of discretion occurs if the judge fails to apply the proper legal standard," *In re Fundamental*, 81 F.4th at 1219–20 (quoting *Electro-Wire Prods., Inc. v. Sirote & Permutt, P.C.*, 40 F.3d 356, 359 (11th Cir. 1994)).

The bankruptcy court did not abuse its discretion because it properly identified section 350(b) as the governing legal standard and made a decision that was within the range of acceptable choices.  Renasant had to show that the bankruptcy court acted outside that range and made "a clear error in judgment," *Rasbury*, 24 F.3d at 168, but, at best, its arguments demonstrate that the

bankruptcy court could have chosen to reopen the proceedings, not that it had to.[1]

The bankruptcy court exercised its discretion as it did because Renasant chose to petition to lift the automatic stay to pursue its rights in state court and that forum continued to be available to vindicate the bank's rights. Renasant has pointed to no binding authority supporting its argument that the bankruptcy court's decision to consider these factors was impermissible, arguing instead that the state court does not provide it with an adequate remedy.

When Sanchez failed to reaffirm his mortgage as he had pledged on his statement of intent, Renasant moved for relief from the automatic stay, which the bankruptcy court granted. Renasant chose not to seek an order related to Sanchez's statement of intent while the bankruptcy case was pending. Later, when the bankruptcy court addressed Renasant's motion to reopen the chapter 7 case, it acted well within its discretion when it determined that Renasant's choice to pursue relief from the automatic stay made state court the appropriate forum to seek relief.

Renasant counters by citing nonbinding cases in which bankruptcy courts have exercised their discretion to reopen cases. *See, e.g., In re Woide*, 730 Fed. App'x. 731 (11th Cir. 2018)

---

[1] Renasant also argues that the bankruptcy court needed to reopen the proceedings because the bankruptcy estate was not fully administered and because Sanchez committed fraud. But it never raised these issues in front of the bankruptcy court, and we decline to consider them for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).

(unpublished); *In re Perez*, 638 B.R. 248 (Bankr. S.D. Fla. 2022).  But Renasant fails to appreciate what constitutes an abuse of discretion, a standard of review that can require affirming a lower court's decision even if we would have decided the issue the other way.  *See Rasbury*, 24 F.3d at 168.  In other words, at most, Renasant has shown that the bankruptcy court could have reopened the proceedings, not that it abused its discretion when it refused to.

Renasant next counters that the state court ejectment case does not provide it with an adequate remedy, arguing that Alabama's treatment of motions to dismiss and jury trials will slow down the process of adjudicating Sanchez's claims.  But that argument fails too.  While there may be disadvantages to litigating its claims in state court, Renasant has not shown that a remedy is unavailable to it there.

Because the bankruptcy court did not abuse its discretion in denying the motion to reopen, we, like the district court, must affirm that decision.

**AFFIRMED.**