[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11088
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-14031-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY LEE CARTER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 26, 2013)

Before CARNES, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Tommy Lee Carter, Jr., appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the federal sentencing guidelines, which retroactively reduced the base offense levels associated with various amounts of crack cocaine effective November1, 2011.  See U.S.S.G. App. C. Amends. 750, 759.  Carter contends that the district court abused its discretion in refusing to grant a sentence reduction, despite his undisputed eligibility for such relief, by affording significant weight to his prior criminal history, a factor already accounted for in his amended guidelines range, and by failing to consider his positive post-incarceration conduct, including the fact that he has not had any prison disciplinary incidents in the past two years, has completed required coursework to address his anger and behavioral issues, and has been pursuing a GED.  He further argues that the denial of a sentence reduction both frustrates Congress' intent to retroactively lower the sentencing ranges for crack-cocaine offenses and creates an unwarranted sentencing disparity between drug offenders who are now being sentenced in the first instance under the recently amended guidelines.

I.

In December 2007, Carter pleaded guilty to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  Carter, who was 27 years old at the time, already had an extensive criminal history dating back nearly a

2

decade and a half, which included convictions for retail theft, burglary, resisting an officer both with and without violence, grand theft of a motor vehicle, battery, battery in a juvenile detention facility, battery on a law enforcement officer, domestic violence, escape, and possession with intent to sell cocaine. Carter was assigned a criminal history category of V, which yielded a guidelines range of 84 to 105 months imprisonment when coupled with his total offense level of 23. The district court sentenced Carter at the high end of the then-applicable guidelines range to 105 months imprisonment.

Less than a month after his incarceration, Carter was involved in the first of three violent altercations with other prison inmates. On March 13, 2008, a dispute over the use of exercise equipment escalated into a fist fight between Carter and another inmate, during which Carter struck the other inmate in the face. Nine months later, on December 17, 2008, Carter and a fellow inmate inflicted multiple puncture wounds and other serious injuries on one another, which were consistent with a homemade shank or icepick. Although Carter denied possessing a weapon, prison officials concluded otherwise given the nature of the wounds sustained by the other inmate. Two years later, on December 31, 2010, Carter ambushed a fellow inmate from behind, struck him in the head with the wooden handle of a mop, which broke upon impact, and then chased the inmate around the prison unit attempting to land additional blows with the broken mop handle. As a result of

3

these incidents, Carter was transferred to a high-security federal prison in Lewisburg, Pennsylvania, and placed in a Special Management Unit designed to punish and rehabilitate violent inmates, where he was confined to his cell for 23 hours each day.

During this period, on October 10, 2008, Carter filed his first § 3582(c)(2) motion for a sentence reduction based on Amendment 706, which lowered the base offense levels for certain quantities of crack cocaine. The district court granted Carter's motion and reduced his sentence to 87 months imprisonment, the high end of his revised guidelines range under Amendment 706. Then, in October 2011, Carter filed his current § 3582(c)(2) motion for a sentence reduction based on Amendment 750, which further reduced his guidelines range to 37 to 46 months imprisonment. This time, however, the district court denied Carter's motion based on his extensive criminal history and post-conviction disciplinary record. The court explained that Carter's existing sentence of 87 months was appropriate based on his post-incarceration behavior, demonstrated propensity for violence, and criminal history, all of which were indicative of a strong likelihood of recidivism.

## II.

Where, as here, a defendant is eligible for a sentence reduction under § 3582(c)(2) based on a retroactive amendment to the sentencing guidelines that has the effect of lowering his guidelines range, we review a district court's decision to

deny a sentence reduction for an abuse of discretion.  See United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009); United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008).  A district court abuses its discretion if it applies the wrong legal standard, fails to follow proper procedures, or commits a clear error of judgment.  Gray ex rel. Alexander v. Bostic, 720 F.3d 887, 892 (11th Cir. 2013).  Because the abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment," there will be occasions where we affirm the district court "even though we would have gone the other way had it been our call."  In re Rasbury, 24 F.3d 159, 167 (11th Cir. 1994).

When confronted with a § 3582(c)(2) motion filed by a defendant eligible for a sentence reduction, the district court may, in its discretion, decide to either retain the defendant's existing sentence or resentence the defendant under the amended guideline range so long as it first considers the sentencing factors listed in 18 U.S.C. § 3553(a) and the danger posed by the defendant to the public.  Smith, 568 F.3d at 927; see also U.S.S.G. § 1B1.10, comment. n.1(B).  The court may also consider the defendant's post-sentencing conduct in determining whether a sentence reduction is warranted and, if so, to what extent.  U.S.S.G. § 1B1.10, comment. n.1(B).  While the district court is required to consider the applicable factors, it "commits no reversible error by failing to articulate specifically the applicability — if any — of each of the section 3553(a) factors, as long as the

5

record demonstrates that the pertinent factors were taken into account by the district court." Smith, 568 F.3d at 927. Nor is the district court required to reduce a defendant's sentence under § 3582(c)(2) because its power to do so is discretionary. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

Although it is undisputed that Carter was eligible for a sentence reduction based on Amendment 750, the district court did not commit a clear error of judgment or otherwise abuse its discretion in denying such relief. The court considered the relevant § 3553(a) factors and articulated specific reasons for denying a sentence reduction, including Carter's extensive criminal history, demonstrated propensity for violence, and post-conviction disciplinary record. The court was entitled to accord significant weight to Carter's criminal history, even though it was already reflected in his amended guidelines range, because it implicated a number of pertinent factors under § 3553(a), including his history and characteristics and the need to afford adequate deterrence, protect the public from further crimes, and promote respect for the law. See 18 U.S.C. § 3553(a); United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009) (recognizing, in the context of an original sentencing proceeding, that districts courts have considerable discretion in deciding how to weigh the § 3553(a) factors and are permitted to attach great weight to one factor over others).

The district court also listened to Carter's arguments regarding his positive post-conviction conduct, including the fact that he had not received a disciplinary report in the past two years. The court, however, was entitled to give that consideration little weight in light of the violent nature of Carter's three post-incarceration encounters with other inmates, which raised legitimate concerns about recidivism and public safety in the event of Carter's early release. The relevance of Carter's positive post-incarceration conduct was also minimized by the fact that he has been on virtual lockdown in the Special Management Unit of a high-security federal prison since 2011, making it significantly more difficult for him to assault any other inmates or commit other prison infractions. Or so the district court reasonably could have thought.[1]

There is little merit to Carter's contention that the district court's denial of a sentence reduction flouted Congress' intent in passing the Fair Sentencing Act of 2010 (FSA), which sought to remedy the significant sentencing disparities between crack-cocaine and powder-cocaine offenses. See Dell v. United States, 710 F.3d at

---

[1] Carter also suggests that the district court's denial of his § 3582(c)(2) motion was tantamount to an upward variance of nearly 200% from his recently amended guidelines range, which the court had to justify by finding, among other things, that his criminal history category underrepresented his criminal history. A district court's refusal to exercise its discretion to grant a sentence reduction, however, is not equivalent to the imposition of an upward variance at an original sentencing proceeding, even if the overall effect is the same. See Dillon v. United States, — U.S. —, 130 S.Ct. 2683, 2691–93 (2010) (rejecting the argument that § 3582(c)(2) proceedings are functionally equivalent to other sentencing proceedings, and explaining that § 3582(c)(2)'s "narrow scope" is "intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding").

7

1267, 1271 (11th Cir. 2013).  Although the Federal Sentencing Commission adopted Amendment 750 at the behest of Congress in order to implement the FSA, neither Congress nor the Federal Sentencing Commission have made sentence reductions mandatory for crack-cocaine offenders sentenced under the old sentencing regime.  See U.S.S.G. App. C vol. III at 392–94.  Instead, Congress left in place the discretion accorded district courts under § 3582(c)(2) in deciding whether a defendant warrants a modification in his term of imprisonment.  See Vautier, 144 F.3d at 760 (explaining that the grant of authority to a district court to reduce a term of imprisonment under § 3582(c)(2) is "unambiguously discretionary").

Nor is there any merit to Carter's assertion that the denial of a sentencing reduction gave rise to an unwarranted sentencing disparity, which is but one of the relevant sentencing factors listed in § 3553(a).  See 18 U.S.C. § 3553(a)(6) (requiring a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").  Carter's contention is that the district court's refusal to resentence him according to his amended guidelines range of 37 to 46 months imprisonment creates an unwarranted sentencing disparity between defendants who are now being sentenced for the first time for possessing similar amounts of crack cocaine.  But Carter stood before the district court as a defendant seeking a

8

sentence reduction under § 3582(c)(2), not as a defendant being sentenced in the first instance for a crack-cocaine offense.  Because post-sentencing conduct is only relevant and applicable in the case of a defendant, like Carter, seeking a sentence reduction under § 3582(c)(2), crack-cocaine offenders being sentenced in the wake of Amendment 750 are not appropriate comparators in determining whether there is an unwarranted sentencing disparity.  See United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) ("A well-founded claim of disparity . . . assumes that apples are being compared to apples.") (quotation marks omitted).  And Carter has not pointed to a single crack-cocaine offender with a materially similar history, both before and after incarceration, that has been granted a sentence reduction under § 3582(c)(2).

Because Carter has not shown that district court abused its discretion in denying his § 3582(c)(2) motion for a sentence reduction, we affirm.

**AFFIRMED.**

9