[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11512
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-00025-ACA-JHE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE SEAY ROYSTER, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 29, 2020)

Before JORDAN, GRANT and FAY, Circuit Judges.

PER CURIAM:

Willie Seay Royster, Jr., appeals the district court's denial of his counseled motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 ("First Step Act").  We affirm.

## I. BACKGROUND

A federal grand jury charged Royster with a single count of possessing with intent to distribute 5 grams or more of a mixture with a detectable amount of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  Pursuant to a plea agreement, he pled guilty to the indictment; his plea's factual basis included, among other things, that 27.71 grams of cocaine base were found in one of his home's bedrooms and another 3.20 grams were found in "an outbuilding on [his] residence."  The agreement provided that such facts could be used "in calculating" his sentence.

Royster's presentence investigation report ("PSI") noted that police searched his home based on four prior cocaine base controlled buys from him, and the amount attributed to him, 30.91 grams, did not include the amount from the controlled buys.  The PSI determined that Royster was a career offender, which affected his offense level.  Ultimately, the PSI found that Royster's guideline range was 188-235 months in prison.  At sentencing, Royster's attorney stated that he filed no objections the PSI "because the information submitted by the probation office was accurate and did correctly reflect [Royster's] criminal history."

2

The district court sentenced Royster to 188 months in prison. A statement of reasons included calculations reflecting the career offender enhancement and stated: "The sentence is at the low end of the guidelines, is sufficient, is not greater than necessary, and is reasonable. The need to protect the public is of paramount importance."

Royster filed the present motion and sought relief under § 404 of the First Step Act, asking the district court to reduce his sentence to 151 months in jail. He argued that he was convicted of a § 404 "covered offense," and he therefore was eligible for a reduction since his statute of conviction was amended by the Fair Sentencing Act. The government opposed Royster's motion, contending that he was ineligible since, even with the First Step Act, his statutory ranges remained unchanged; furthermore, even if he was eligible, the court should deny his motion in its discretion. Royster replied that other circuits had rejected the government's position and concluded eligibility was based on the conviction statute. He contended that both his statutory and guideline ranges were changed by the First Step Act, including his guideline range for supervised release.

The district court denied Royster's motion. It noted the "dispute" regarding his eligibility; however, it concluded that it "need not resolve that dispute because, even assuming Mr. Royster's conviction qualifie[d] as a 'covered offense,' the court would decline to exercise its discretion to reduce his sentence." It explained

3

that he had stipulated to the 30.91 grams and did not argue that that amount could not be considered in deciding whether to grant a reduction in its discretion. Royster only argued that he would be subject to a lower career offender guideline range under current law and did not challenge his career offender status. The court stated: "Given the facts presented by this case and in the [PSI], which the court adopted at the sentencing hearing, the court would still impose a 188 month sentence." The court reiterated that, "[e]ven assuming that Mr. Royster is eligible for a sentence reduction under the First Step Act and the Fair Sentencing Act, the court would decline to exercise its discretion to reduce the sentence."

On appeal, Royster argues that the district court abused its discretion by declining to decide if it had the authority under § 404 to grant him relief before denying his motion in its discretion, and by failing to reconsider the appropriateness of his initial sentence given intervening policy changes. Royster also argues that the district court did not adequately explain its decision.

## II. DISCUSSION

We review *de novo* whether a district court had the authority to modify a prison term. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the

4

determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004)). Abuse of discretion is a deferential standard of review, under which we will affirm even in situations where we would have made a different decision had it been in the district court's position. *United States v. Frazier*, 387 F.3d. 1244, 1259 (11th Cir. 2004) (en banc). It "allows" for "a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *Id.* (quoting *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994)). "Thus, when employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id.*

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly permits district courts to reduce a prior imposed prison term. *Jones*, 962 F.3d at 1297.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act"). Section 2 changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 to 280 grams and the quantity

necessary to trigger a 5-year mandatory minimum from 5 to 28 grams. Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants who were sentenced before its enactment. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). The Fair Sentencing Act did not expressly make any changes to § 841(b)(1)(C), which provides for a term of imprisonment of not more than 20 years for cases involving quantities of crack cocaine that do not fall within § 841(b)(1)(A) or (B). *See* Fair Sentencing Act § 2(a); 21 U.S.C. § 841(b)(1)(C).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act. *See* First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, § 404. Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id*. § 404(b). A "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

In *Jones*, we considered four federal prisoners appeals, whose sentence reduction motions pursuant to § 404(b) were denied by district courts. *Jones*, 962 F.3d at 1293. First, we held that a movant was convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Id.* at 1301. Interpreting the First Step Act's definition of a "covered offense," we concluded that the phrase "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act" (the "penalties clause") modifies the term "violation of a Federal criminal statute." *Id.* at 1298. Thus, "[a] movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Id.* As § 2 of the Fair Sentencing Act "modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii)," a movant has a covered offense if he was sentenced for an offense triggering one of those statutory penalties. *Id.*

District courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment, to determine whether the movant's offense triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) and, therefore, was a covered offense. *Id.* at 1300-01. We rejected the government's argument that, when conducting this inquiry, the district court should consider the actual quantity of crack cocaine

7

involved in the movant's violation. *Id.* at 1301. The district court should consider only whether the quantity of crack cocaine satisfied the specific drug quantity elements in § 841—in other words, whether his offense involved 50 grams or more of crack cocaine, therefore triggering § 841(b)(1)(A)(iii), or between 5 and 50 grams, thus triggering § 841(b)(1)(B)(iii). *Id.*

Any actual amount of drugs involved in the movant's offense beyond the amount related to his statutory penalty is irrelevant to whether he was convicted of a covered offense; however, a judge's actual drug-quantity finding remains relevant to the extent that the judge's finding triggered a higher statutory penalty. *Id.* at 1301-02. Thus, a movant sentenced before *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that facts, such as a drug quantity, that increase a defendant's statutory maximum must be made by a jury, cannot "redefine his offense" to one triggering a lower statutory penalty simply because the district court, not a jury, made the drug-quantity finding relevant to his statutory penalty. *Jones*, 962 F.3d at 1302.

As applied to the four *Jones* movants, we concluded that all were sentenced for covered offenses because they were sentenced for offenses whose penalties were modified by the Fair Sentencing Act. *Id.* at 1302-03. We determined that one movant, Alfonso Allen—who was charged in 2006 with 50 grams or more of crack cocaine, found by a jury to be responsible for that drug amount, and

8

attributed with between 420 and 784 grams of crack cocaine per week at sentencing—was convicted of a covered offense, noting that the higher drug-quantity finding at sentencing did not trigger the statutory penalty for his offense. *Id*.

We explained that a movant's satisfaction of the "covered offense" requirement does not necessarily mean that the district court is authorized to reduce his sentence. *Id.* at 1303. Specifically, the "as if" qualifier in § 404(b) of the First Step Act, which states that any reduction must be "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed," imposes two limitations on the district court's authority. *Id.* (alteration in original) (quoting First Step Act § 404(b). First, the district court cannot reduce a sentence where the movant received the lowest statutory penalty also available to him under the Fair Sentencing Act. *Id.* Second, in determining what a movant's statutory penalty would have been under the Fair Sentencing Act, the district court is bound by a previous drug-quantity finding that was used to determine his statutory penalty at the time of sentencing. *Id.* Further, the Constitution does not prohibit district courts from relying on judge-found facts that triggered statutory penalties before *Apprendi*. *See id.* at 1303-04.

Applying these limitations, we held that if a movant's sentence necessarily would have remained the same had the Fair Sentencing Act been in effect—in

9

other words, if his sentence was equal to the mandatory minimum imposed by the Fair Sentencing Act for the quantity of crack cocaine triggering his statutory penalty—then the Fair Sentencing Act would not have benefitted him, and the First Step Act does not authorize the court to reduce his sentence. *Id.* at 1303.

Applying this "as-if" framework, we vacated and remanded the denials of two of the movants' motions because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. *Id.* at 1304-05. Specifically, as to movant Allen, we noted that the district court denied the motion because Allen's guideline range remained the same, based on the drug-quantity finding made at sentencing, and his sentence was already at the low-end of that guideline range, such that the court may have incorrectly concluded that he was not eligible for a further reduction. *Id.* at 1305. We held that it was error for the district courts to conclude that a movant was ineligible based on (1) a higher drug-quantity finding that was made for sentencing, not statutory, purposes, (2) a movant's career-offender status, or (3) a movant's sentence being at the bottom of the guideline range. *Id.* Because it was ambiguous whether the district courts denied their motions for one of those reasons, we vacated and remanded the denials for further consideration. *Id.*

Finally, we noted that, although a district court may have the authority to reduce a sentence under § 404 of the First Step Act, it is not required to do so. *Id.*

10

at 1304.  We held that a district court has wide latitude to determine whether and how to exercise its discretion, and that it may consider the § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct.  *Id.* at 1301, 1304.

Following *Jones*, we held that the First Step Act does not require a district court to hold a hearing with the defendant present before ruling on the defendant's motion for a reduced sentence under the Act.  *United States v. Denson*, 963 F.3d 1080, 1082 (11th Cir. 2020).  We alternatively held that a "§ 3582(c) sentencing modification based on the First Step Act is not a critical stage," and a district court is not authorized "to conduct a plenary or *de novo* resentencing."  *Id.* at 1089.

Royster, under the *Jones* framework, was sentenced for a covered offense, which the district court had the authority to reduce.  First, his offense triggered § 841(b)(1)(B)(iii), involving quantities of crack cocaine between 5 and 50 grams.  *Jones*, 962 F.3d at 1301.  Second, regarding the "as if" framework, the drug quantity that determined Royster's statutory penalty at sentencing was 5 grams or more of cocaine base.  *See id.* at 1303.  Because this correlates to a post-Fair Sentencing Act statutory range of 0-20 years in prison and Royster's sentence was above the lowest penalty, the First Step Act authorized the reduction of his sentence.  *See Jones*, 962 F.3d at 1303; 21 U.S.C. § 841(b)(1)(C).

11

However, it does not appear that the district court abused its discretion or erred by not ruling on his eligibility, rather just assuming it, because under either scenario the court would consider whether to grant him a reduction. Furthermore, it is unnecessary to remand because we already know that the district court would exercise its discretion to deny a reduction; accordingly, any error in assuming eligibility is harmless. *Cf. United States v. Robles*, 408 F.3d 1324, 1327-28 (11th Cir. 2005) (recognizing that sentencing errors are harmless when we "know with certainty beyond a reasonable doubt what the district court would do upon remand").

The district court also explained the reasoning for its denial, *i.e.*, the amount of cocaine base Royster was responsible for, his career offender status, and "the facts presented by [his] case and in the [PSI]." The district court was permitted to consider, in deciding whether to exercise its discretion, Royster's stipulation to the 30.91 grams of crack cocaine. *See Jones*, 962 F.3d at 1301 ("The actual quantity of crack cocaine involved in a violation is a key factor for a sentence modification just as it is when a district court imposes a sentence."). Similarly, the district court's consideration of his career offender status and "the facts presented by [his] case and in the [PSI]" impliedly would align with § 3553(a)(1)'s "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). As we stated in *Jones*, a district court, "[i]n exercising

12

[its] discretion, [] may consider" § 3553(a)'s factors. *Jones*, 962 F.3d at 1304. Finally, the district court recognized that, assuming he was eligible, whether to grant Royster a reduction was within its discretion.

While Royster argues that the district court should have considered revisions to the Guidelines and it abused its discretion by ignoring current sentencing policies, § 404 "does not authorize the district court to conduct a plenary or *de novo* resentencing." *Denson*, 963 F.3d at 1089. The district court may reduce a defendant's sentence for a covered offense "only 'as if' sections 2 and 3 of [FSA 2010] were in effect when he committed the covered offense." *Id.* (quoting § 404(b)). Here, the district court referenced the facts in the PSI that were adopted at sentencing and determined that 188 months remained an appropriate sentence. The court acknowledged the new Guidelines range calculated by Royster and recognized that Royster's sentence remained within that range.

Because the district court explained the reasons for its denial of Royster's motion and those reasons do not demonstrate a clear error in judgment, the district court did not abuse its discretion. *See Frazier*, 387 F.3d at 1259.

**AFFIRMED.**