**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12918

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSEPH JONES,
   a.k.a. Jamonte Brown,
   a.k.a. Alton Jamonte Brown,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:14-cr-00001-SDG-1

————————————————

Before JORDAN, ABUDU, and KIDD, Circuit Judges.

PER CURIAM:

Joseph Jones appeals his seven-month revocation sentence imposed for violations of his supervised release. On appeal, Jones argues that his sentence is procedurally and substantively unreasonable. After careful review of the record, we find no reversible error, so we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2014, Jones was charged by information of knowingly possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) & 924(a)(2). He entered into a plea agreement with the government and pled guilty that same year, and was sentenced to 120 months' imprisonment, to be followed by three years of supervised release. The district court's judgment provided several terms which Jones would be subject to while he was on supervised release. One of these conditions provided that Jones was to "refrain from any unlawful use of a controlled substance" and would have to submit to periodic drug tests at the behest of a probation officer. Another condition required Jones to report in person to the probation office and submit written reports to the probation officer each month. Jones would also have to participate, as directed by the probation officer, in a program for narcotic addition or drug or alcohol dependency treatment.

Jones completed his term of incarceration on April 29, 2022, and began serving his three-year term of supervised release. On November 17, a probation officer filed a violation report with the district court, alleging that Jones had violated several conditions of supervised release. The report alleged that Jones had used or

possessed marijuana, methamphetamine, and amphetamines; and had failed to: submit to substance abuse testing, report to the probation officer, and participate in drug treatment. At a revocation hearing, Jones admitted to the alleged violations in the report. In 2024, the district court revoked his supervised release and sentenced him to six months' imprisonment followed by a one-year term of supervised release. The district court added a condition to Jones's supervised release which would require him to participate in mental health treatment.

After Jones served the custodial portion of his revocation sentence and was placed on supervised release a second time, a probation officer filed a violation report in March 2025, alleging that Jones had violated a condition of his supervised release. The second report alleged that Jones had used or possessed marijuana and explained that, on five occasions, Jones had tested positive for it.

The report explained that Jones had been released from prison on June 13, 2024, and had reported to the Atlanta Probation on June 17. On that day, Jones tested "presumably positive for THC" and Jones explained that he had smoked marijuana while incarcerated. The district court had held that violation in abeyance to allow for Jones to enroll in mental health treatment. Then, on August 13, Jones again tested "presumably positive for THC" and explained that he had smoked marijuana while celebrating his birthday. The court again held that violation in abeyance while Jones attended his regular mental health counseling services. The report also stated that, in January 2025, the probation officer told

the court that Jones had tested positive for THC on two more occasions in October and December 2024.  The court again held those violations in abeyance in January 2025.  Finally, days after the court held the October and January reports in abeyance, Jones tested presumably positive for THC for the fifth time.  The court then required Jones to appear for a revocation hearing.

At a second revocation hearing, in April 2025, Jones admitted to the violations in the report: that he had tested positive for marijuana use five times.  The court noted that the statutory maximum for this violation, if it chose to revoke his supervised release, was two years.  *See* 18 U.S.C. § 3583(e)(3).  The court also calculated a guideline range of 6–12 months' imprisonment.  Neither Jones nor the government objected to the calculation.

The government recommended a seven-month sentence, which was the same as the probation officer's recommendation, in large part because Jones's first revocation for a near-identical violation resulted in a six-month incarceration.  It noted, however, that it made this recommendation reluctantly, as Jones had largely been compliant with the terms of his supervised release, except for the marijuana use violations.  It also explained that additional supervised release would not be beneficial because Jones was not a danger to the public and had no other issues besides marijuana use.

The court expressed frustration that Jones had spent six months in prison for previously violating the same conditions—drug use—and that he tested positive the day he left prison, signifying that he was using marijuana even while incarcerated for the

same conduct. The government reiterated that, despite its recommendation, it believed Jones had been generally "doing well" and was not a danger to the public.

Jones, through his attorney, recognized the court's "frustration" and explained that he was struggling with addiction. He also emphasized that he had obtained employment and had no contact with law enforcement outside of this case. He stressed that putting him back in jail would be counterproductive to his efforts at rehabilitation and at staying employed. He therefore asked for a "noncustodial sentence" to allow for him to pursue a drug treatment program. The court agreed with Jones that additional incarceration would be counterproductive, and it noted that it did not see any utility in using prison to address Jones's substance abuse problem. Accordingly, the court held sentencing for the violation in abeyance so long as Jones pursued drug treatment options with probation as his "number one priority."[1] The court warned Jones, however, that if he failed "to go to treatment and take that treatment seriously" he would "get locked up."

After two intervening hearings where the court checked in on Jones's treatment progress, the court held a final revocation hearing. At that hearing, the probation officer told the court that Jones had not "followed through" with his drug treatment plan.

---

[1] The court explained that, if Jones was not going to "get treatment," it could "render a sentence today" that would involve a term of incarceration and no supervised release to follow. Jones stated that he wanted treatment instead, so the district court held the case in abeyance.

Jones had also been difficult to reach, and the probation officer had left him voicemails and emails that went unanswered. The government accordingly recommended the seven-month sentence it originally suggested at the first hearing.

Jones acknowledged the frustration of the probation office and the court but nevertheless asked for a lower custodial sentence—something near the "low end" of the guidelines range. He explained that he had recently become homeless and that his communication difficulties had arisen because he did not have money to pay his phone bill. He expressed remorse for his actions and noted that he was trying to turn his life around. He explained that he had been addicted to drugs his entire life and that marijuana had been the lesser of two evils as he battled a more serious addition.

The court revoked Jones's supervised release and sentenced him to seven months' imprisonment. It found that the seven-month sentence was appropriate and met the sentencing "goals under [18 U.S.C. §§ ]3553(a) and 3583(e)." It noted that Jones had "several opportunities" to get on a drug treatment program, but he had failed to do so. The court highlighted that it did not impose the incarceration because of his addiction, but because he "failed to follow [the court's] instructions over and over and over again." It noted that it was "evident" that Jones was unwilling to abide by the court's instructions and get the assistance he needed to follow the conditions of supervised release.

The court again stressed that it believed its sentence satisfied the "criteria under [§§] 3553(a) and 3583(e)." It also noted that

Jones had a good probation officer and that the probation officer had "tried to work with [Jones] time and time and time again and [Jones] blew him off." The district court asked the parties whether they had any objections and Jones objected to the substantive reasonableness of the sentence. After the court entered judgment to this effect, Jones appealed.

## II. STANDARDS OF REVIEW

"We review the reasonableness of a district court's sentence for abuse of discretion," and apply a "two-step process" in doing so. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016); *see also United States v. Steiger*, 107 F.4th 1315, 1319 (11th Cir. 2024) (same, in the supervised release context). First, we review the sentence for procedural reasonableness, determining "whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range . . . , failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Trailer*, 827 F.3d at 936.

That said, when a procedural reasonableness issue is raised for the first time on appeal, our review is only for plain error. *Steiger*, 107 F.4th at 1320. "To establish plain error, a defendant must show that there was an (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Utsick*, 45 F.4th 1325, 1332 (11th Cir. 2022). "Where all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of

judicial proceedings." *Id.* To show an error "that is plain," *id.*, a defendant must identify text of a statute or rule, or precedent from the Supreme Court or this Court, that shows the district court erred. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."). Thus, "[a] plain error is an error that is 'obvious' and is 'clear under current law.'" *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (quoting *United States v. Olano*, 507 U.S. 725, 731 (1993)). To establish a violation of substantial rights, an appellant must show there is a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016).

In the second step of our "two-step process," we determine "whether the sentence is substantively reasonable in light of the totality of the circumstances and the [relevant] § 3553(a) factors." *Trailer*, 827 F.3d at 935–36; *Steiger*, 107 F.4th at 1321 (supervised release context). "We review the substantive reasonableness of a sentence for an abuse of discretion." *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022). "[W]e will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was 'in the ballpark of permissible outcomes.'" *Id.* at 1355 (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015) (Opinion of E. Carnes, J.)). A party arguing a sentence is unreasonable bears "the burden of

establishing the sentence is unreasonable in light of the record and the [relevant] § 3553(a) factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[W]e have identified three ways in which a district court can abuse its discretion" and "impos[e] a substantively unreasonable sentence: (1) failing to properly consider a relevant sentencing factor that was due significant weight, (2) giving significant weight to a factor that was not relevant, or (3) committing a clear error of judgment by weighing the sentencing factors unreasonably." *Butler*, 39 F.4th at 1356; *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

The abuse of discretion standard is deferential, as it "allows for a 'range of choice for the district court,' as long as that choice is not a 'clear error of judgment.'" *United States v. Beaufils*, 160 F.4th 1147, 1163 (11th Cir. 2025) (quoting *Rasbury v. IRS* (*In re Rasbury*), 24 F.3d 159, 168 (11th Cir. 1994)). Yet a district court can abuse its discretion by misapplying the law or reaching a decision based on clearly erroneous findings of facts. *Id.* (citing *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013)).

## III. DISCUSSION

As noted at the outset, Jones raises two arguments on appeal. We address each in turn, following our "two-step process." *Trailer*, 827 F.3d at 935; *Steiger*, 107 F.4th at 1319.

### A. Jones has not shown reversible procedural error.

Procedurally, Jones contends that the district court's sentence is unreasonable because the court considered retribution, which is a factor excluded from consideration under 18 U.S.C.

§ 3583(e).  He concedes that he did not raise this issue below.  However, he notes that the Supreme Court recently held that retribution is an improper consideration under § 3583(e) in *Esteras v. United States*, 606 U.S. 185 (2025), and he contends that the district court's comments at sentencing show that it focused—and based his sentence on—this impermissible factor.[2]  The government argues that there was no *Esteras* error and that, if there were, it was not plain.[3]  It also contends that any error did not affect Jones's substantial rights because there is no sign that his sentence would have been different if the district court had not considered retribution.

A district court can commit procedural error in imposing a sentence by failing to calculate the guidelines range, calculating the range incorrectly, or failing to consider the proper § 3553(a) factors. *Steiger*, 107 F.4th at 1320.  In § 3583(e), Congress listed several

---

[2] Jones characterizes his challenge as a procedural one—going to the first step of our two-step process.  At the same time, this Court has, at times, reviewed claimed *Esteras* errors in the second step of our two-step process, as going to the substantive reasonableness of the revocation sentence.  *See United States v. Braswell*, No. 24-11521, 2025 WL 2303790, at *6–7 (11th Cir. Aug. 11, 2025).  *Cf. United States v. Curtin*, 78 F.4th 1299, 1314–26 (11th Cir. 2023) (Newsom, J., concurring) (noting that our precedent has not always been consistent in its categorization of procedural and substantive reasonableness challenges).  Without definitively ruling on the issue, we consider Jones's *Esteras* argument at the procedural reasonableness step, as Jones has argued.

[3] The government argues that Jones has not shown error because he has not shown the district court "clearly" relied on an impermissible factor.  In this sense, the government's argument conflates the prongs of our plain-error review.  The first question is whether there was error, the second is whether the error was plain.  *See Utsick*, 45 F.4th at 1332.

sentencing factors from § 3553(a) that a court must consider in determining whether to revoke a term of supervised release. *See* 18 U.S.C. § 3583(e)(3). These factors include the need to deter criminal conduct and protect the public from the defendant's future crimes. *Compare id.* § 3583(e), *with id.* § 3553(a)(2)(B)–(C). In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the applicable guideline range, Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any of the defendant's victims. *Id.* § 3553(a)(1), (4)–(7); *see also id.* § 3583(e).

Omitted from this list is any reference to the factors listed in § 3553(a)(2)(A), which account for the need for the sentence imposed to 'reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. *See id.* § 3583(e); *see also id.* § 3553(a)(2)(A); *Tapia v. United States*, 564 U.S. 319, 326 (2011) (describing these factors as addressing "retribution"). The Supreme Court has held that a court may not consider the factors set forth in § 3553(a)(2)(A) or (a)(3) when considering revocation of supervised release. *Esteras*, 606 U.S. at 193. The Court explained, however, that if a defendant does not make the district court aware that it may be impermissibly relying on § 3553(a)(2)(A), then the defendant's appeal will be governed by plain-error review, and the sentence will be affirmed unless it is "clear" or "obvious" that the district court relied on § 3553(a)(2)(A),

whether by express statement or unmistakable implication. *Id*. at 202–03.

Here, it is not clear whether the district court committed error under *Esteras* sufficient to satisfy the first prong of the plain-error test. *See Utsick*, 45 F.4th at 1332. The district court twice stated that it was considering the § 3553(a) factors *and* the § 3583(e) factors, suggesting, as Jones argues, that it was considering the § 3553(a) factors listed in § 3583(e) and the factors listed in § 3553(a) that are not listed in § 3583(e). Nothing in the record clarifies that the district court's citation of these statutes omitted the impermissible factors within § 3553(a). However, the court's citation to both § 3583(e) and § 3553(a) could also be read to mean the district court only considered the § 3553(a) factors found within § 3853(e), which would not have been error. In addition, as Jones notes in his brief, the district court seems to have adopted the government's recommendation, which, it explained, was tailored to be harsher than Jones's prior six-month revocation sentence for the same type of conduct. Thus, the government advocated a seven-month sentence to "reflect the seriousness" of Jones's violation given his prior violations, *see* 18 U.S.C. § 3553(a)(2)(A), even though § 3553(a)(2)(A) is not listed in § 3583(e), *see id*. § 3583(e).

We emphasize that, in light of *Esteras*, district courts should be clear in revocation hearings that they are not considering the impermissible factors within § 3553(a), and the government should be clear not to recommend sentences based on those impermissible factors, because § 3583(e) provides the list of permissible

25-12918                 Opinion of the Court                 13

considerations in this context. *See Esteras*, 606 U.S. at 193, 195. Yet, because we ultimately conclude that Jones's argument fails under prong two and prong three of the plain error test, we need not definitively resolve whether the district court erred here. *See United States v. Schmitz*, 634 F.3d 1247, 1271 n.14 (11th Cir. 2011).

Even if Jones is correct that there was error, he has not shown that the error was clear or obvious, nor that it affected his substantial rights, so he has not shown reversible plain error. *See id.*; *Utsick*, 45 F.4th at 1332. We reach this conclusion for several reasons.[4] First, the district court did not explicitly cite or discuss the impermissible factors nor hinge its decision on those factors. *See Esteras*, 606 U.S. at 202–03 (explaining that, when an appeal is "governed by plain error-review . . . the district court's order revoking supervised release and requiring reimprisonment will be affirmed unless it is 'clear' or 'obvious' that the district court actually relied on § 3553(a)(2)(A) [or (a)(3)]—because it did so either

---

[4] As the government notes, we have not held that § 3583(e) forbids the consideration of retribution under § 3553(a)(2)(A) as it relates to the violations of the conditions of supervised release, rather than retribution for the underlying crime, which is what was at issue in *Esteras*. *See Braswell*, 2025 WL 2303790, at *6 ("*Esteras* does not directly answer the issue presented here—i.e., whether retribution for the *violation of the conditions of the supervised release* can factor into the revocation decision." (emphasis in original)); *United States v. Butler*, No. 25-12027, 2025 WL 2642292, at *3 (11th Cir. Sept. 15, 2025). As the government further notes, there is no sign that the district court considered retribution as it related to Jones's underlying § 922 crime during the sentencing hearing. This further supports our conclusion that any error here was not plain or obvious. *See Lejarde-Rada*, 319 F.3d at 1291.

expressly or by unmistakable implication" (quoting *Olano*, 507 U.S. at 734)).  Given the lack of an express discussion of § 3553(a)(2)(A) or (a)(3) and the lack of an "unmistakable implication" that the district court was considering this improper factor, the error was not plain or obvious.  *Id.*

Moreover—as relevant to both the second and third prongs of our plain-error review, *see Utsick*, 45 F.4th at 1332—any consideration of an impermissible factor by the district court was minimal.  Instead, the main focus of the court's comments related to permissible § 3583(e) factors.  It noted that Jones had a long history of violations and had been provided many opportunities to seek treatment, which he had declined.  These facts were relevant to "the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." 18 U.S.C. § 3553(a)(1); *see also id.* § 3583(e) (directing sentencing court to consider § 3553(a)(1)).  These facts also show the court stressed the requirement that its sentence "afford adequate deterrence to criminal conduct" because Jones had failed to follow instructions and conform his behavior to the law.  Finally, given the main thrust of the court's discussion, Jones has not shown "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez*, 578 U.S. at 194; *see also United States v. Deason*, 965 F.3d 1252, 1265 (11th Cir. 2020).  This is further buttressed by our conclusion, below, that Jones's sentence is substantively reasonable.

For these reasons, we need not decide whether the district court erred under *Esteras* because the error was not plain and did not affect Jones's substantial rights. Accordingly, Jones has not shown reversible plain error. We therefore affirm on this issue.

### B. Jones has not shown his sentence is substantively unreasonable.

Jones also argues that his sentence is substantively unreasonable because he had adjusted well to supervised release, except as relates to his marijuana use. He contends that the seven-month sentence was contrary to the statutory aims of sentencing because he was not a danger to the public and prison time would not help him with his substance abuse problem. The government responds that the district court properly considered the relevant factors and gave Jones many opportunities to conform his conduct to the law.

Though the district court must consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and it may attach great weight to one factor over the others. *Butler*, 39 F.4th at 1355. A court's "failure to discuss . . . 'mitigating' evidence" does not indicate that the court "erroneously 'ignored' or failed to consider th[e] evidence in determining [the defendant's] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Instead, a "court's acknowledgment that it has considered the §3553(a) factors and the parties' arguments" is typically sufficient to show it has considered the issues and arguments before it. *Butler*, 39 F.4th at 1355 (citing *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir.

2009)).  In assessing the reasonableness of a sentence, we "ordinarily expect a sentence within the Guidelines range to be reasonable." *Gonzalez*, 550 F.3d at 1324; *see also United States v. Castaneda*, 997 F.3d 1318, 1332 (11th Cir. 2021).  For similar reasons, a sentence imposed "well below" the statutory maximum also can indicate reasonableness.  *Gonzalez*, 550 F.3d at 1324; *see also United States v. Dougherty,* 754 F.3d 1353, 1362 (11th Cir. 2014).

Here, Jones has not shown the district court abused its discretion and imposed an unreasonable sentence.  *Gonzalez*, 550 F.3d at 1324.  The district court recognized and acknowledged Jones's mitigating arguments and his compliance with the other terms of his supervised release.  *Butler*, 39 F.4th at 1355*; Sarras*, 575 F.3d at 1219.  It also noted that he was not a danger to the public and that it did not wish to incarcerate him simply for testing positive for marijuana.  For that reason, the court repeatedly held the violations in abeyance in hopes that Jones would conform his conduct to the terms of his supervised release.  Even so, the district court did not err in giving these facts less weight at the hearing, as it had broad discretion to find Jones's violations more aggravating than these facts were mitigating. *Butler*, 39 F.4th at 1355.

That is so especially because, despite many chances, Jones continued to violate the conditions of his supervised release—even if in a way tied to a mitigating factor, his drug dependency—throughout his term of supervised release.  Those undisputed facts, which the district court focused on, along with the district court's patience and careful approach, convince us that the district court

did not abuse its discretion in imposing a seven-month sentence in light of the record and the relevant factors.  *Gonzalez*, 550 F.3d at 1324.  Finally, the sentence imposed was well below the statutory maximum and fell within the guidelines range for the violations.  *Id.*; *Castaneda*, 997 F.3d at 1332; *Dougherty,* 754 F.3d at 1362.

In light of the entire record and the relevant sentencing factors, we conclude that Jones has not shown the district court acted outside its "range of choice" and imposed an unreasonable sentence.  *See Beaufils*, 160 F.4th at 1163; *Rasbury*, 24 F.3d at 168.  Therefore, we affirm on this issue as well.

## IV. CONCLUSION

For the reasons we have explained, we find no reversible error.  Accordingly, we affirm Jones's sentence.

**AFFIRMED.**